22-123-cv
Phillips v. Long Island R.R. Co., et al

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

Dominique Phillips,

> *Plaintiff-Appellant*,

v.                                                          22-123

Long Island Railroad Company,
United Transportation Union-Local 722,
United States District Court Eastern
District of New York,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                JONATHAN ROSENBERG,
                                        Rosenberg Law Firm,
                                        Brooklyn, NY.

1

**FOR DEFENDANT-APPELLEE LONG ISLAND RAILROAD COMPANY:**

BRIAN K. SALTZ, *for* Stephen N. Papandon, Acting Vice President/General Counsel & Secretary, The Long Island Rail Road Company, Jamaica, NY.

**FOR DEFENDANT-APPELLEE UNITED TRANSPORTATION UNION-LOCAL 722:**

Erika A. Diehl-Gibbons, SMART-Transportation Division, Independence, OH.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Dominique Phillips appeals the district court's dismissal of his complaint against the Long Island Railroad Company ("LIRR"), United Transportation Union-Local 722 ("Union"), and the United States District Court for the Eastern District of New York ("EDNY") under 42 U.S.C. § 1983. Phillips previously sued the LIRR and the Union in 2013, alleging that the LIRR, his former employer, racially discriminated against him and that the Union failed to intervene or to protect him. Phillips dropped the Union from the lawsuit, and the LIRR prevailed on summary judgment. *Phillips v. Long Island R.R. Co.*, No. 2:13-CV-07317, 2019 WL 1758079, at *1 (E.D.N.Y. Mar. 25, 2019). We affirmed. 832 F. App'x 99 (2d Cir. 2021) (summary order). In this suit, Phillips—who appeared *pro se* in the district court and on appeal until the week before oral argument—alleges that his wife's death was caused by the stress of the same alleged discrimination and harassment by the LIRR. The district court *sua sponte*, without notice, and

with prejudice dismissed Phillips's claims against the LIRR and the Union as frivolous because they were barred by *res judicata* and collateral estoppel, respectively.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although a district court may, in certain circumstances, *sua sponte* dismiss a frivolous complaint, it should generally provide notice and an opportunity to be heard before doing so. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). "A hasty dismissal without notice can backfire by leading to appeals and remands in cases where, had notice been provided, we otherwise might affirm." *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023) (quotation marks omitted) (summary order). Although dismissal may well have been appropriate, under the circumstances here, Phillips should have received notice and an opportunity to be heard, for example, in the form of an order to show cause why his complaint should not be dismissed. *Id.* Such notice would have also given Defendants an opportunity to raise additional arguments in favor of dismissal.[2]

Moreover, the district court's dismissal without notice and with prejudice also precluded Phillips from amending his complaint to cure any deficiencies. Phillips—who is now represented

---

[1] Phillips also alleged that the EDNY contributed to or caused his wife's death because judges made unfair rulings in his previous action. The district court determined *sua sponte* that claims against the EDNY are barred by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). At oral argument, Phillips—now counseled—withdrew all claims against the EDNY. We thus affirm the judgment with respect to those claims.

[2] Here, for example, the LIRR argues on appeal that—despite being styled as a § 1983 claim—Phillips really sought relief under state law and the district court thus lacked subject-matter jurisdiction because the parties are not diverse. Had notice been given, the district court would have had an opportunity to evaluate this argument and determine whether it had jurisdiction.

by counsel—has made clear that he wishes to amend his complaint to do so. He should be given that opportunity.

Accordingly, we **AFFIRM** the judgment of the district court to the extent it dismissed the claims against EDNY, **VACATE** the judgment in all other respects, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
